UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _11/16/10_

ERIC THOMAS,                                  :

                    Petitioner,              :           10 Civ. 3922 (LTS) (AJP)

          -against-                          :     **REPORT AND RECOMMENDATION**

E. R. DONNELLY, Superintendent,              :

                    Respondent.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Laura Taylor Swain, United States District Judge:**

          Pro se petitioner Eric Thomas seeks a writ of habeas corpus, pursuant to 28 U.S.C.

§ 2254, from his May 5, 1981 conviction in Supreme Court, New York County, of second degree

murder and first degree robbery, and concurrent sentences of 25 years to life imprisonment.  (Dkt.

No. 6: Am. Pet. ¶¶ 1-5; Dkt. No. 13: Zausmer Aff. ¶ 3.)   Thomas' original habeas petition is dated

July 23, 2009.  (Dkt. No. 2: Pet.)[1/]

          For the reasons set forth below, Thomas' amended petition should be <u>DENIED</u> as

barred by the AEDPA's one year statute of limitations.

-------------------------

[1/]      Thomas originally filed a petition for leave to file a second or successive habeas petition in
          the Second Circuit, which transferred it to this Court because it actually was Thomas' first
          petition.  (<u>See</u> Dkt. No. 3: 5/12/10 Order.)

## FACTS

### Procedural Background

On March 29, 1984, the First Department affirmed Thomas' conviction. People v. O'Neil, 99 A.D.2d 1032 (table), 1984 WL 280127 (1st Dep't Mar. 29, 1984).[2] On June 13, 1984, the New York Court of Appeals denied leave to appeal. People v. O'Neil, 62 N.Y.2d 989, 479 N.Y.S.2d 1045 (1984)

On February 7, 2006 and February 26, 2008, Thomas appeared before the Parole Board, which denied him early release on both occasions. (Zausmer Aff. ¶ 11; Dkt. No. 6: Am. Pet. ¶ 13 at pp. 5C, 5E.)

On July 31, 2008, Thomas filed a C.P.L. § 440.20 motion to vacate his sentence (Zausmer Aff. ¶ 12 & Ex E: Notice of Motion), claiming that: (1) the sentencing judge improperly considered unreliable, inaccurate and unauthorized information contained in the presentencing memorandum, thereby violating Thomas' due process rights; and (2) the Parole Board relied on the same information in denying Thomas' requests for release on parole (Zausmer Aff. Ex E: 7/31/08 Thomas 440 Aff. ¶¶ 6-7).

On December 19, 2008, Justice Arlene Silverman denied Thomas' § 440 motion, holding that: (1) Thomas' sentencing claim was barred because it was raised on the record at the time of sentencing and could have been, but was not, raised on his direct appeal; and (2) Thomas'

---

[2]    Thomas is also known as Franklin O'Neil. (See Dkt. No. 13: Zausmer Aff. Ex C: Thomas 1st Dep't Br.)

sentences "were authorized and legal and valid as a matter of law, [so] there is no legitimate basis for disturbing them." (Zausmer Aff. ¶ 15 & Ex H: Justice Silverman 12/19/08 Order at 1-2.)

On February 26, 2009, the First Department denied leave to appeal from Justice Silverman's denial of Thomas' C.P.L. § 440 motion. (Am. Pet. ¶ 13 at p. 5D; Zausmer Aff. ¶ 16.) The New York Court of Appeals denied leave to appeal. (Am. Pet. ¶ 13 at p. 5D; Zausmer Aff. ¶ 16.)

## Thomas' Federal Habeas Corpus Petition

On July 23, 2009, Thomas filed his original habeas corpus petition. (See page 1 & n.1 above.) Thomas' amended habeas corpus petition asserts that the 1981 sentencing violated his due process rights, because the sentencing judge considered "materially untrue and unauthorized information contained in the prosecutor's pre-sentence memorandum," namely inaccurate accounts of Thomas' criminal history, including crimes for which Thomas was never arrested and for which the indictments were dismissed. (Dkt. No. 6: Am. Pet.¶ 13 at pp. 5A-B.)

Despite the AEDPA's one year limitations period for filing habeas petitions, Thomas claims that his habeas petition is timely because he did not learn, and could not have learned through the exercise of due diligence, about the inaccurate information in the presentencing memorandum until February 26, 2008, when the Parole Board made reference to that information in its second denial of Thomas' release. (Am. Pet.¶ 13 at pp. 5B-C, 5E.) Thomas also claims that to not correct the sentencing judge's error "would constitute a fundamental miscarriage of justice [because] it would leave him subject to the continuous violation of his constitutional rights to due process and the prohibition against double jeopardy by the Board of Parole." (Dkt. No. 5: Thomas Br. at 19;

Am. Pet.¶ 14.)[3] Alternatively, Thomas asserts that his appellate counsel's failure to raise on direct appeal the issue of the sentencing court's improper reliance on the presentence memorandum constitutes ineffective assistance of counsel and grounds for equitable tolling of the AEDPA limitations period.  (Dkt. No. 14: 10/27/10 Thomas Traverse at 3.)

The State has moved to dismiss Thomas' habeas petition as untimely and barred by the AEDPA one year limitations period.  (Dkt. No. 11: State Notice of Motion; Dkt. No. 12: State Br. at 1; Dkt. No. 13: Zausmer Aff. ¶ 19.)

## ANALYSIS

## I.   THOMAS' PETITION IS TIME-BARRED UNDER THE AEDPA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitations period for habeas corpus petitions, as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . . .
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3]   The Court does not read Thomas' petition as asserting a separate habeas claim against the Board of Parole.   In any event, prisoners "have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable."   Barna v. Travis, 239 F.3d 169, 171 (2d Cir. 2001); see also, e.g., Paunetto v. Hammock, 516 F. Supp 1367, 1367-68 (S.D.N.Y. 1981) (New York law "does not create an entitlement to release on parole and therefore does not create interests entitled to due process protection.").

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

### A.    Thomas' Petition is Barred Under Section (d)(1)(A) of the AEDPA

Thomas' conviction became final on September 11, 1984, ninety days after June 13, 1984, when the New York Court of Appeals denied leave to appeal. E.g., Williams v. Artuz, 237 F.3d 147, 150-51 & n.1 (2d Cir.), cert. denied, 534 U.S. 924, 122 S. Ct. 279 (2001); see page 2 above.  Because Thomas' conviction became final prior to the April 24, 1996 enactment of the AEDPA, the Second Circuit has held that the AEDPA limitations period runs until one year after the date of the statute's enactment, i.e., until April 24, 1997. E.g., Adeline v. Stinson, 206 F.3d 249, 251 (2d Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir.), cert. denied, 531 U.S. 840, 121 S. Ct. 104 (2000); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).  Thomas, however, did not file his habeas petition until July 23, 2009 (see page 1 above), more than twelve years later.

Although Thomas filed his C.P.L. § 440 motion on July 31, 2008 (see page 2 above) – more than 11 years after the April 24, 1997 expiration of his AEDPA filing deadline – it is black letter law that a C.P.L. § 440 motion filed after expiration of the AEDPA limitations period does not start the one-year limitation period anew.  See, e.g., Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) ("[S]tate-court applications for collateral relief do not 'restart' the AEDPA limitations period.");  Smith v. McGinnis, 208 F.3d at 17 ("[P]roper calculation of Section 2244(d)(2)'s tolling

provision excludes time during which properly filed state relief applications are pending but <u>does</u> <u>not</u> reset the date from which the one-year statute of limitations begins to run.").[4]

Accordingly, Thomas' habeas petition is time barred under 28 U.S.C. § 2241(d)(1)(A).

**B.      Thomas' Petition Also Is Barred Under Section 2241(d)(1)(D)**

Thomas asserts that his claim is timely under Section 2241(d)(1)(D) because it was only when the Parole Board denied his release on parole on February 26, 2008 that he discovered that the sentencing court had improperly relied on the memorandum in sentencing him to twenty-five years to life. (See page 3 above.) Therefore, Thomas asserts that the appropriate start of the limitation period should be February 26, 2008. (Pet. ¶ 13, at p. 5E.)

The record is to the contrary. Thomas was present at the May 5, 1981 sentencing when his counsel raised the very allegations about the inappropriateness of the presentence

---

[4]      See also, e.g., Oberoi v. Cook, 09 Civ. 9274, 2010 WL 1010055 (S.D.N.Y. Mar. 19, 2010) (Peck, M.J.), report & rec. adopted, 2010 WL 1404176 (S.D.N.Y. Apr. 7, 2010); Dodell v. Walsh, 09 Civ. 9902, 2010 WL 624910 at *2 (S.D.N.Y. Feb. 19, 2010); Williams v. Conway, 596 F. Supp. 2d 770, 774 (W.D.N.Y. 2009) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period.  Nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew.") (citations omitted); Frawley v. Brown, No. 07-CV-4580, 2007 WL 4264607 at *2 (E.D.N.Y. Nov. 30, 2007) ("Petitioner is not entitled to statutory tolling because his post-conviction motion . . . does not operate to toll the running of the limitations period, since it was filed after the statute of limitations expired."); Williams v. Phillips, 04 Civ. 4653, 2005 WL 1806161 at *9 (S.D.N.Y. Aug. 2, 2005) (Peck, M.J.) ("The Second Circuit has made clear that the state collateral attack toll of § 2244(d)(2) does not start the one-year limitation period to run anew, especially when it has already expired before the collateral motion."); Martinez v. Keane, 02 Civ. 9030, 2003 WL 21254422 at *1 (S.D.N.Y. May 30, 2003) (Peck, M.J.); Rosario v. Bennett, 01 Civ. 7142, 2002 WL 31852827 at *13 & n.16 (S.D.N.Y. Dec. 20, 2002) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2003 WL 151988 (S.D.N.Y. Jan. 21, 2003).

memorandum that Thomas complains of here.  (Dkt. No. 13: Zausmer Aff. Ex. B: Sentencing

Transcript ("S.") 1-8, 21-25.)  Thomas also heard Justice Torres state his reasons for the sentence

he imposed on Thomas.  (S. 29-31.)  Additionally, Thomas' amended habeas petition acknowledges

that during the 1981 sentencing hearing, "defense counsel . . . moved Judge Edwin Torres to recuse

himself from the case because he had read the pre-sentence memorandum submitted by the

prosecutor, which dealt primarily with allegation[s] and conclusions and no facts [and that] like any

human being reading such serious allegations, the court would react" to such information.  (Dkt. No.

6: Am. Pet. ¶ 13.)  Therefore, Thomas' claim that he did not know about the memorandum's content

until February 2008 is belied by the record.[5/]

       Because the contents of the presentence memorandum were not newly discovered

evidence, Thomas cannot rely on § 2244(d)(1)(D).  Thomas' habeas petition thus is time-barred,

unless saved by Thomas' claim of equitable tolling.

---

[5/]    Even if Thomas was not aware of the content of the presentence memorandum at the time
of sentencing, he could have discovered the content through due diligence prior to February
2008.  The sentencing memorandum was made part of the record by Thomas' counsel's
request at the sentencing hearing on May 5, 1981.  (S. 3.)  Thomas could have discovered
this information through the exercise of due diligence at any time after May 5, 1981.  See,
e.g., Chen v. United States, 02 Cr. 1039, 05 Civ. 5952, 2008 WL 563442 at *3 (S.D.N.Y.
Feb. 20, 2008) (noting that "matter[s] of public record" can be discovered through reasonable
diligence, citing Montenegro v. United States, 248 F.3d 585, 593 (7th Cir. 2001)); see also
Gonzalez-Ramos v. United States, 99 Cr. 1112, 05 Civ. 3974, 2007 WL 1288634 at *10
(S.D.N.Y. May 2, 2007).

**C.** **Thomas is Not Entitled to Equitable Tolling on the Grounds of Ineffective Assistance of Counsel**

Thomas claims that his appellate attorney's failure to raise his sentencing claim on direct appeal constitutes ineffective assistance of counsel, and that he therefore is entitled to equitable tolling of the AEDPA's one year limitations period. (Dkt. No. 14: 10/27/10 Thomas Traverse at 3.) In support of his position, Thomas relies on the recent Supreme Court decision in Holland v. Florida, 130 S. Ct. 2549 (2010), in which the Supreme Court held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. at 2560.

Thomas' reliance on Holland is misplaced. Petitioner Holland wrote numerous letters to his attorney instructing his attorney to file a timely habeas petition and seeking confirmation that he had done so. Holland v. Florida, 130 S. Ct. at 2556-57. Holland's attorney did not respond to most of these communications, except to incorrectly inform Holland that the AEDPA limitations period had run before counsel's appointment. Holland v. Florida, 130 S. Ct. at 2558. Despite Holland's repeated requests, the attorney did not file the habeas petition at all. Holland v. Florida, 130 S. Ct. at 2559. In remanding the case to determine whether Holland's actions amounted to due diligence, the Supreme Court reiterated the long-standing Second Circuit rule that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland

v. Florida, 130 S. Ct. at 2562, quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005).[6]

Here, in contrast, Thomas has not shown a "causal relationship" between his counsel's ineffective assistance in not raising the sentencing claim on appeal in the early 1980s and Thomas' failure to timely file his habeas petition.  See, e.g., Baldayaque v. United States, 338 F.3d at 150 (quoted in n.6); Duell v. Conway, No. 07-CV-1321, 2010 WL 2695641 at *5 (N.D.N.Y. May 6, 2010) (petitioner's allegation that counsel's failure to inform him of his direct appeal rights prohibited his timely filing of the notice of appeal did not amount to an allegation that such failure prohibited him from filing a timely habeas petition), report & rec. adopted, 2010 WL 2680208 (N.D.N.Y. July 1, 2010); Gordon v. Cunningham, 05 Civ. 2540, 2008 WL 5099950 at *4 (S.D.N.Y. Dec. 2, 2008) (even assuming the petitioner's ineffective assistance of counsel claim was

---

[6]    The Second Circuit has explained the extraordinary circumstances – reasonable diligence standard with respect to equitable tolling of the AEDPA's limitations period:

> To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll.  To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); accord, e.g., Forbes v. Walsh, 04 Civ. 5076, 2007 WL 54792 at *3 (S.D.N.Y. Jan. 9, 2007) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2007 WL 646267 (S.D.N.Y. Mar. 2, 2007).

"meritorious, it does not give rise to an equitable toll because there is no causal relationship between the trial counsel's conduct and the failure to timely file the petition"); M.P. v. Perlman, 269 F. Supp. 2d 36, 39 (E.D.N.Y. 2003) (appellate counsel's alleged ineffectiveness in "fail[ing] to seek leave to appeal the affirmance of his conviction to the New York Court of Appeals . . . did not interfere with petitioner's timely filing of a habeas application," and therefore did not warrant equitable tolling of the AEDPA's limitations period).

Thomas clearly misunderstands the Supreme Court's holding in Holland. The alleged ineffectiveness in Holland was counsel's failure to timely file a habeas petition, not an underlying ineffective assistance claim. Thomas' interpretation of Holland would totally eliminate the AEDPA limitations period for ineffective assistance claims, and that is not what Holland intended. Because Thomas has utterly failed to demonstrate how his appellate counsel's failure to raise the sentencing claim on direct appeal interfered with his ability to timely file his federal habeas petition, Thomas is not entitled to equitable tolling of the AEDPA limitations period.

## CONCLUSION

For the reasons set forth above, Thomas' habeas petition should be dismissed as time barred by the AEDPA's one year limitations period. A certificate of appealability should not be issued.

H:\OPIN\THOMAS-Eric

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.[2/] Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, 500 Pearl Street, Room 755, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Swain (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988);

---

[2/]     If the pro se petitioner requires copies of any of the cases reported only in Westlaw, petitioner should request copies from defense counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.1(c)

H:\OPIN\THOMAS-Eric

12

McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72.

Dated:          New York, New York
                November 16, 2010

                                          Respectfully submitted,


                                          _____
                                          Andrew J. Peck
                                          United States Magistrate Judge

Copies to:      Eric Thomas
                Sara M. Zausmer, Esq.
                Judge Laura Taylor Swain

H:\OPIN\THOMAS-Eric