UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ERIC THOMAS

                            Petitioner,

-v-                                                         No. 10 Civ. 3922 (LTS) (AJP)

E.R. DONNELLY,

                            Respondent.

-------------------------------------------------------X

### MEMORANDUM ORDER

On November 16, 2010, Magistrate Judge A. Peck issued a Report and Recommendation ("Report") recommending that the July 12, 2010, pro se petition ("Petition") of Eric Thomas ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) be denied. Timely objections ("Objections") to the Report were received from the Petitioner. This Court has thoroughly considered all of the parties' submissions. For the reasons that follow, the Court adopts the Report with one modification.

### BACKGROUND

On February 4, 1981, Thomas was convicted of second degree murder and first degree robbery before Justice Torres in Supreme Court, New York County. Prior to sentencing, the District Attorney submitted a Pre-sentence Memorandum ("Memorandum") that detailed an extensive criminal past, reaching back to an infraction Thomas allegedly committed at age 13.

The Memorandum asserted that Thomas had "committed many more crimes than are reflected in his arrest record. In the four years when he was criminally active, he probably committed hundreds of crimes." (Memorandum at 2, attached as Ex. A to Mot. to Dismiss). Among the crimes listed were more than a half-dozen murders and attempted murders, robberies, and one instance of sexual assault. By the District Attorney's admission, several of these alleged crimes never culminated in charges. At the May 5, 1981, sentencing, defense counsel objected that many of the Memorandum's allegations were conjectural and difficult or impossible to refute. Defense counsel then requested that the judge recuse himself on the grounds that, having read the inflammatory Memorandum, he would be unable to issue an impartial sentence. The judge denied the application, assuring counsel that he would "focus on the transgression in the case before [him]." (Tr. Tran. at 25, attached as Ex B. to Mot. to Dismiss). Nonetheless, the judge proceeded to reference the allegations in the Memorandum in support of his decision to sentence Thomas to an indeterminate term of 25 years to life. (Id. at 30). Thomas unsuccessfully appealed the conviction on other grounds.

  Thomas has since appeared before the Board of Parole twice – on February 7, 2006, and February 26, 2008 – and been denied parole on both occasions. Thomas claims that he discovered that the Board was relying on "the materially untrue information" contained in the Memorandum after the first denial, and that he promptly notified the Board of the Memorandum's deficiencies. (Pet'n at 5C). After realizing that the Board was still relying on the Memorandum at his 2008 parole hearing, he filed a subpoena pursuant to N.Y.C.P.L. § 610.20 for records relating to the allegations in the Memorandum and N.Y.C.P.L § 440.20 motion to vacate his sentence on the grounds that the sentencing judge had improperly considered inaccurate and unauthorized information. On December 19, 2008, the state court denied both motions.

In or about July 2009, Thomas petitioned the United States Court of Appeals for the Second Circuit for permission to file the instant petition. No such permission being necessary, the filing was transferred to this Court and the instant case was opened. In his petition, brought pursuant to 28 U.S.C. § 2254, Thomas seeks to vacate his sentence on the grounds that the sentencing judge's reliance on the allegations in the Memorandum deprived him of due process. He also requests injunctive relief barring the Board of Parole from relying on the Memorandum. (Id. at 5F). Magistrate Judge Peck declined to construe the petition as asserting a claim regarding the parole proceedings and concluded that Thomas' petition was time-barred under Antiterrorism and Effective Death Penalty Act ("AEDPA").

## DISCUSSION

In reviewing the Report, the Court "may accept reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(C) (West 2009). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors Hourly–Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a Report must be specific and

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

Thomas objects to the Report's conclusion that his request to set aside his sentence is untimely under AEDPA. Specifically, he argues that his petition should be deemed timely under the equitable tolling rule announced in Holland v. Florida, 130 S. Ct. 2549 (2010). Thomas incorrectly characterizes Holland as "subsequent" authority; in fact, both his amended petition and the Report discuss Holland at length. Because Thomas's Objections merely reiterate arguments laid out in the Petition, the Court reviews the Report for clear error. The Court finds Judge Peck's thorough and thoughtful analysis to be entirely correct on the AEDPA issue.

The Court also concurs in Judge Peck's conclusion that the Petition should not be construed to assert a claim regarding the Parole Board proceedings. The Court does not, however, express any opinion as to the potential merit of any such claim,[1] and the denial of the Petition is without prejudice to the commencement of any proceeding asserting such claim.

---

[1] See Barna v. Travis, 239 F.3d 169, 171 (2d Cir. 2001) (prisoners "have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable"). But see Boddie v. New York State Div. of Parole, 285 F. Supp.2d 421, 428 (S.D.N.Y. 2003) (inmates have a due process interest in "not being denied parole for arbitrary or impermissible reasons"); accord Siao-Pao v. Mazzuca, 442 F. Supp. 2d 148, 154 (S.D.N.Y. 2006); Morel v. Thomas, No. 02 CV 9622(HB), 2003 WL 21488017, at *4 (S.D.N.Y. June 26, 2003). See also Farinaro v. Coughlin, 642 F. Supp. 276, 281-82 (S.D.N.Y. 1986) (recognizing a "limited constitutional right to have incorrect information expunged from [the] record" where such information is relied upon to deny parole); Lowrance v. Coughlin, 862 F. Supp. 1090, 1120 (S.D.N.Y. 1994) (recognizing a right to a new parole hearing "based on accurate information").

For the foregoing reasons, the Court adopts the Report with the exception of footnote 3 on the fourth page of the Report. The petition for a writ of habeas corpus is denied. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated:   New York, New York
         September 26, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge